## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KATHLEEN M. POTTER    :

  Plaintiff       :

v           :    Civil Action No.: AMD-02-3728

JAMES C. POTTER, et al.   :

  Defendants     :

. . . . .oOo. . . . .

**FILED** _____ **ENTERED**
_____ **LODGED** _____ **RECEIVED**

NOV 25 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
_____ DEPUTY

### MEMORANDUM

Plaintiff, Kathleen Potter, filed the above captioned complaint on November 15, 2002 along with a Motion to Proceed Without Payment of Costs. In her Motion Ms. Potter states that she wishes to pay the filing fee for this case after she begins work on December 2, 2002. *See* Paper No. 2. In addition she lists a total of $258.00 to which she has access. *Id.* Based on these two factors, Ms. Potter will be required to pay the full filing fee and her Motion will be denied.

The Complaint contains numerous claims including allegations that the named defendants have violated federal criminal statutes. Most of the claims asserted are simply indecipherable. Plaintiff claims defendants have engaged in "grand theft under the constitution", "felony, high crimes and misdemeanors"; as well as treason, fraud and slavery. Paper No. 1 at pp. 14– 16. To the extent that Plaintiff seeks to assert a constitutional claim against the defendants named in the complaint, those claims shall be dismissed. None of the defendants named are State officials and the actions complained of appear to be wholly private conduct.[1] Any assertion made by Plaintiff

---

[1] There are "four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) *cert. denied* 529 U.S. 1033 (2000). None of the acts or conduct alleged by Plaintiff in

(continued...)

with respect to criminal conduct, will also be dismissed because she can not prosecute individuals for criminal behavior. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen has no cognizable right to insist on a criminal prosecution). The only claim that will not be dismissed is Plaintiff's apparent claim that the defendants somehow breached a fiduciary duty owed to her when the property in question was sold.

The facts upon which Plaintiff bases her claims involve the sale of property located in Elkton, Maryland which was formerly used as the North East Church of Christ. *See* Paper No. 1 at p. 24. According to Plaintiff the property was owned by Charlie H. Potter who was her father-in-law. *Id.* Upon Mr. Potter's death, his son Carl became executor of the estate and caused the property to be sold in his capacity as executor. Plaintiff maintains that this sale was illegal because the property was supposed to be left to surviving members of the congregation. Plaintiff claims to be a surviving member of the congregation and, therefore, entitled to the property. *Id.* at p. 11. She asserts that "[t]he property is to be owned by the surviving members forever, as long as they wish to worship there." *Id.* While this Court reserves judgment regarding the merit of this claim, it is the only claim asserted by Plaintiff in the meandering complaint that is not completely bereft of a basis in law. Plaintiff is cautioned that future pleadings filed in this Court should be limited to facts and arguments that concern whether she is entitled to either the proceeds from the sale of the property or to the property itself. A separate Order follows.

Nov 25, 2002
Date

Andre M. Davis
United States District Judge

---

[1](...continued)
her complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).